IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAWOOD ASIM BROWN, SR.,**

       **Petitioner,**

   v.            CASE NO. 07-3214-RDR

**DUKE TERRELL,**

       **Respondent.**

**O R D E R**

  This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. §§ 1651 and 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner proceeds pro se and has paid the district court filing fee.

  Petitioner seeks 22 months credit on his 2003 federal sentence for time served pursuant to a subsequent state court sentence which the state court judge indicated was to be served concurrently with petitioner's prior federal sentence. Petitioner raised this very same claim in a habeas petitions filed earlier in this court, *see* Brown v. Terrell, Case No. 07-3153-RDR, and in the United States District Court for the Eastern District of Texas, *see* Brown v. Morris, Case No. 05-483. In Case No. 07-3153-RDR, this court directed petitioner to show cause why the petition should not be dismissed pursuant to 28 U.S.C. § 2244(a) because the Eastern District of Texas had previously considered and rejected petitioner's claims on the merits, and the Fifth Circuit Court of Appeals had affirmed that decision. *See* 28 U.S.C. § 2244(a)(a §

2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits).

In response to that show cause order, petitioner voluntarily dismissed 07-3153-RDR. He then filed the instant petition which appears to be identical but for petitioner's inclusion of 28 U.S.C. § 1651 as a basis for relief.

The All Writs Act, 28 U.S.C. § 1651 authorizes federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions. It does not provide petitioner an alternative and separate basis for litigating his challenge to the execution of his sentence. Instead, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is the controlling authority, and not the All Writs Act, that is controlling." <u>Carlisle v. United States</u>, 517 U.S. 416, 428-29 (1996) (internal quotations and citation omitted). Such a statute exists in this case.

It is well recognized that habeas petitions filed under 28 U.S.C. § 2241 are used to attack the execution of a prisoner's sentence. <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809 (10th Cir. 1997). Petitioner has already pursued relief under § 2241 without success, and demonstrates no basis for either the extraordinary relief afforded under § 1651, or for this court's consideration of petitioner's claims under § 2241.

Accordingly, petitioner is directed to show cause why the instant petition should not be dismissed pursuant to 28 U.S.C. § 2244(a). The failure to file a timely response may result in the

petition being dismissed without further prior notice to petitioner.

DATED:  This 25th day of September 2007, at Topeka, Kansas.


 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge