```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DAWOOD ASIM BROWN, SR.,**

                **Petitioner,**

        v.                              **CASE NO. 07-3214-RDR**

**DUKE TERRELL,**

                **Respondent.**

**O R D E R**

Petitioner proceeds pro se in this action filed under 28 U.S.C. §§ 1651 and 2241. By an order dated September 25, 2007, the court directed petitioner to show cause why the case should not be dismissed pursuant to 28 U.S.C. § 2244(a). Having reviewed petitioner's response, the court concludes the petition should be dismissed.

Petitioner seeks credit on his federal sentence for time served pursuant to a subsequent state court sentence which the state court judge indicated was to be served concurrently with petitioner's prior federal sentence. The court found petitioner raised this same claim in habeas petitions filed earlier in this court[1] and in the United States District Court for the Eastern District of Texas.[2]

---

[1] *See* Brown v. Terrell, Case No. 07-3153-RDR (D.Kan. July 16, 2007)(petitioner voluntarily dismissed his case in response to a show cause order for dismissal of the petition pursuant to 28 U.S.C. § 2244(a)).

[2] *See* Brown v. Morris, Case No. 05-483 (E.D.Tex. January 5, 2006), *aff'd* (5th Cir. May 25, 2007)

The court further found petitioner's assertion of jurisdiction under 28 U.S.C. § 1651 provided no alternative and separate basis for challenging the execution of petitioner's federal sentence.

In response, petitioner acknowledges he is advancing the same claims as in his Eastern District of Texas action, but cites his acquisition of police reports as new evidence in support of his claims. He further states he is now focusing on the constitutionality of his continued incarceration, indicates his lack of legal training, and argues he has not yet received a fair opportunity to seek justice on his claims.

However, it remains clear that petitioner's claim for sentencing credit has been addressed on the merits by federal district and appellate courts in the Eastern District of Texas and the Fifth Circuit. Dismissal of this action is thus warranted under 28 U.S.C. § 2244(a). George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995). To any extent petitioner may be attempting to raise a new claim for review, habeas review of such a claim is barred by petitioner's failure to demonstrate cause and prejudice for not raising it his first § 2241 petition. See McCleskey v. Zant, 499 U.S. 467 (1991)(cause and prejudice test applicable to procedural default applies to abuse of the writ in § 2241 petitions).

Accordingly, for the reasons stated herein and in the order entered on September 25, 2007, the court concludes the petition should be dismissed pursuant to 28 U.S.C. § 2244(a). Petitioner's request for a show cause order to issue to respondents is denied.

IT IS THEREFORE ORDERED that the petition filed in this matter

is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2007, at Topeka, Kansas.


                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge